IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SHAWN JEFFERY WHIPPLE,

        Petitioner,        Civil No. 10-741-CL

      v.                      REPORT AND
                                 RECOMMENDATION

S. FRANKE,

        Respondent.

CLARKE, Magistrate Judge.

     Petitioner is in the custody of the Oregon Department of Corrections pursuant to an Amended Judgment from the Lane County Circuit Court after convictions for Attempted Murder with a Firearm, Assault in the First Degree with a Firearm, Kidnapping in the Second Degree, and Felon in Possession of a Firearm. Following a guilty plea, petitioner was sentenced to a total of 184 months of imprisonment.

     Petitioner did not directly appeal his convictions.

1 - REPORT AND RECOMMENDATION

Petitioner filed a formal petition for post-conviction relief but the Umatilla County Circuit Court denied relief. Exhibit 114. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 115 - 119.

Petitioner filed a petition under 28 U.S.C. sec. 2254 alleging four grounds for relief as follows:

> **Ground One:** Denial of rights to appeal.
> **Supporting Facts:** My attorney told me I had no rights to appeal.
>
> **Ground Two:** Denial of effective assistance of counsel.
> **Supporting Facts:** My attorney did not tell me that if I went to trial, and lost for the crimes committed there was no grounds for consecutive sentences. All the crimes fall under the more serious crime committed, the secondary crimes being in commission of which would make a Judge only allowed to impose consecutive sentences.
>
> **Ground Three:** Conviction obtained with improper understanding of consequences.
> **Supporting Facts:** If my attorney would have told me that I could only get concurrent sentences in this case I would have never taken the deal they offered.
>
> **Ground Four:** Trial counsel failed to inform petitioner there was no factual basis for kidnapping conviction petitioner's plea was non intelligent.
> **Supporting Facts:** My councel (sic) did not tell me that there was no way that I could be charged with kidnapping. It was stated in the paper work that we did not make him get in the car. That he willingly got in the car.

Petition (#2) p. 6-7.

Respondent now moves to deny relief and dismiss this

2 - REPORT AND RECOMMENDATION

proceeding on the grounds that "[a]ll of these grounds are either procedurally defaulted or were denied on the merits in state-court decisions that are entitled to deference under 28 U.S.C. sec. 2254(d) and (e)(1)." Response to Petition (#11) p. 1-2.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489

3 - REPORT AND RECOMMENDATION

U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage."

4 - REPORT AND RECOMMENDATION

United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. State v. Lloyd, 109 Or. App. 213, 214 (1991), *rev. denied* 315 Or. 268 (1992).

Petitioner's claim in Ground One is construed as a claim that his attorney was ineffective for allegedly advising him that he did not have a right to appeal. Petitioner did not raise this particular ineffective assistance of counsel claim in his PCR petition, Exhibit 105, PRC brief to the Oregon Court of Appeals, Exhibit 115, or petition for review to the Oregon Supreme Court, Exhibit 117. Thus this claim was not "fairly presented" to Oregon's highest court. See, Carriger v. Lewis, 971 F.2d 329, 333-34 (9th Cir. 1992) (*en banc*) (noting that ineffective assistance of counsel claims are discrete and that each specific claim must be exhausted or it will be

5 - REPORT AND RECOMMENDATION

defaulted).

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon courts.[1] Thus, he has procedurally defaulted this claim. Petitioner has not established cause and prejudice for the procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

1.) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. *See also*, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

6 - REPORT AND RECOMMENDATION

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

Under the "contrary to" clause, a federal court may grant relief only if the state court either (1) applied a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronted a set of facts that was materially indistinguishable from a Supreme Court decision but nonetheless arrived at a different result. Williams, 529 U.S. at 406.

Under the "unreasonable application" clause, a federal court may grant relief only if the state court identified the correct governing principle from the Supreme Court but unreasonably applied that principle to the facts of the petitioner's case. Williams 529 U.S. at 413. This clause "requires the state court decision to be more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Rather, the "state court's application of clearly established law must be objectively unreasonable." Id. It is not "an

7 - REPORT AND RECOMMENDATION

unreasonable application of clearly established Federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. Delgado v. Lewis, 223 F. 3rd 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the

8 - REPORT AND RECOMMENDATION

state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In order to satisfy the prejudice requirement in the context of a plea agreement, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

9 - REPORT AND RECOMMENDATION

In <u>Bell v. Cone</u>, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to §2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

<u>Bell</u>, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002) (*per curiam*).

Petitioner fairly presented Ground Two - Four to the state Post-conviction court which denied relief. The Oregon State court decisions denying relief on petitioner's claims of ineffective assistance of counsel are entitled to deference by this court because petitioner has not demonstrated that the decisions were contrary to nor an unreasonable application of *Strickland*. Moreover, the state court determinations are supported by the record before the court.

In Grounds Two and Three petitioner alleges that counsel

10 - REPORT AND RECOMMENDATION

performed deficiently by not advising him that, if he proceeded to trial and lost, his sentences could not be imposed consecutively. This claim is similar to the ineffective assistance of counsel claim petitioner raised in paragraphs 4a and 6c of his PCR petition. Exhibit 105 at 2-3. In denying relief on these claims, the PCR trial court found as follows:

> I do not agree with the legal analysis that these sentences had to be concurrent. I simply find that's an incorrect analysis of the facts in this case.
>
> Consecutive sentence[s] are authorized by law if the court finds it based on necessary circumstances.
>
> It is not accurate to say that this entire transaction at the time Mr. Whipple first got the gun, until he asked the man, granted with the help of a gun, to get out of the car. Shot him twice. Caught him and hit him. That's not one crime.
>
> There are a whole series of crimes that happened there, as part of that incident. Each can be separate. And once each is separate, the court can sentence consecutively.
>
> So it's not - there's nothing that says these sentences had to be concurrent. The court can always do concurrent sentences, but there's nothing that says this court had to do concurrent sentences under this set of facts.

Exhibit 113 at p. 18-19.

The PCR trial court's determination that, if petitioner had gone to trial and lost, the trial court could have imposed consecutive sentences is a determination of state law, and not reviewable by federal courts. Mendez v. Small, 298 F.3d 1158 (9th Cir. 2002) (state courts have "the last word on the

11 - REPORT AND RECOMMENDATION

interpretation of state law"). Federal courts have long recognized that '"state courts are the ultimate expositors of state law,' and [federal courts] are bound by the [state court's] construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue." Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994) (citing Mullaney v. Wilbur, 421 U.S. 684, 691 (1975); Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the providence of a federal habeas court to reexamine state-court determinations on state-law questions").

The state court determination that petitioner's sentences could be imposed consecutively - is dispositive of petitioner claim that his attorney was ineffective for failing to advise him otherwise.

In addition, the PCR court finding is supported by the record before this court. Petitioner's trial counsel determined that petitioner could have received consecutive sentences if convicted: "Based [on] the provisions of ORS 137.123, the charges in the Indictment, my review of the discovery in the case and my consultations with Mr. Whipple, I advised Mr. Whipple that it was possible that he could receive consecutive sentences on the separate crimes." Exhibit 112, Affidavit of Robert Shrank, at 2.

Mr. Shrank's assessment is consistent with ORS 137.123(2) which provides that the court may impose consecutive sentences

12 - REPORT AND RECOMMENDATION

for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct. The PCR court concluded that petitioner's crimes did not arise from the same continuous and uninterrupted course of conduct. Exhibit 113 at 18-19.

In addition, petitioner stipulated that the Kidnapping and the Felon in Possession of a Firearm crimes were not incidental to each other or the remaining crimes. Exhibit 104 at 2. Even if a defendant's crimes arose out of a continuous and uninterrupted course of conduct, the sentencing court may impose sentences consecutively if it finds that the offense was not merely an incidental violation of a separate statutory provision. ORS 137.123(5). Given petitioner's stipulation that his crimes were not merely incidental to each other, his contention that there was no basis for consecutive sentences is without merit.

In Ground Four, petitioner alleges that trial counsel failed to advise him that there was no factual basis for a kidnapping conviction. Petitioner raised a similar claim in paragraph 7d of his PCR petition. Exhibit 105 at 4.

ORS 163.225(1) provides in pertinent part as follows:

> A person commits the crime of second-degree kidnapping if, with intent to interfere substantially with another's personal liberty, and without consent or authority, the person:
>
> (a) Takes the person from one place to another; or
>
> (b) Secretly confines the person in a place where the person is not likely to be found.

13 - REPORT AND RECOMMENDATION

The record reflects that petitioner's attorney properly advised petitioner of the elements of Kidnapping. In his affidavit, trial counsel explained:

> After my review of the discovery in this case, and my consultations with Mr. Whipple, I advised Mr. Whipple that the State could establish the elements of the charge of kidnapping in the Second Degree, if the State could prove that Mr. Whipple, with the intent to interfere substantially with the victim's liberty, took the victim from one place to another, or, secretly confined the victim in a place where the person was not likely to be found. After my consultations with Mr. Whipple, he indicated to me that he wanted to plead guilty to the charge of Kidnapping in the Second Degree.

Exhibit 112, Affidavit of Robert Shrank at 2.

Petitioner admitted to facts satisfying the elements of a Kidnapping in the Second Degree charge in his plea petition as follows:

> [The victim] did not immediately die from his wounds, and I aided and abetted my associates, Mr. Wells and Ryan Putnam in forcing [the victim] from one place to another. We did this knowing that we had no authority to interfere with [the victim's] liberty in that way. Further, we did it with an expectation that [the victim] would not be discovered, and that he would die from his wounds.

Exhibit 103 at 3.

Petitioner's apparent argument is that the victim was never forced to move a substantial enough distance to support a finding that petitioner intended to substantially interfere with his liberty. See, Exhibit 111, Deposition of John Jeffery Whipple at 14. Petitioner may intend to rely on the Oregon Supreme Curt holding in State v. Wolleat, 388 Or. 469,

14 - REPORT AND RECOMMENDATION

111 P.3d 1131 (2005). Id.

As the Oregon Supreme Court recently explained, "when the only evidence of a defendant's intent is physical movement of the victim, a reasonable juror may only infer intent to interfere with a victim's freedom of movement if there is 'evidence that the defendant moved the victim a substantial distance.'" State v. Mejia, 348 IOr. 1, 227 P.3.d 1139 (2010). However, the "intent to interfere substantially with another person's personal liberty" may be shown in other ways including evidence that the defendant intended to confine the victim in a dwelling for a substantial period of time - "an act which, if carried out, certainly would 'interfere substantially' with the victim's personal liberty." Id. at 11.

In this case, petitioner's additional actions supported a finding that petitioner intended to substantially interfere with the victim's freedom of liberty. Petitioner admitted in his deposition that after he forced the victim to walk off the road, the victim was tied up and branches were thrown over him. Exhibit 111, Deposition of Shawn Jeffery Whipple at 14.

Thus a sufficient factual basis existed to support a conviction for Kidnapping in the Second Degree. Trial counsel's advice was adequate and the PCR court's denial of petitioner's claim was not an unreasonable application of Strickland.

Summary: Petitioner procedurally defaulted Ground One and has not demonstrated cause and prejudice for the default or that

15 - REPORT AND RECOMMENDATION

he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. The state PCR court found against petitioner on the ineffective assistance of counsel claims presented to that court, and those findings are entitled to deference under 28 U.S.C. sec.2254(d) and (e)(1) because they are not contrary to or an objectively unreasonable application of *Strickland*. In addition the state court findings are supported by the record before this court and correct on th merits. Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

16 - REPORT AND RECOMMENDATION

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

DATED this 19 day of January, 2011.

_____
Mark D. Clarke
United States Magistrate Judge

17 - REPORT AND RECOMMENDATION